**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

NORBERTO RAFAEL LAMEDA RODRIGUEZ,

Petitioner,

v.

FERETI SEMAIA et al.,

Respondents.

Case No. 5:26-cv-03854-DFM

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

On July 12, 2026, Petitioner Norberto Rafael Lameda Rodriguez, an immigration detainee at the Adelanto ICE Processing Center, filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). The Petition asserts that Petitioner's renewed arrest and continued detention violate procedural due process, substantive due process, and the Fourth Amendment. See id. at 11-17. It seeks immediate release, fees, costs, and further appropriate relief. See id. at 17.

On July 20, 2026, Respondents filed an Answer. See Dkt. 7 ("Answer"). On July 22, 2026, Petitioner filed a Traverse. See Dkt. 12 ("Traverse"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge for all purposes, including entry of final judgment, under 28 U.S.C. § 636(c) and General Order 26-05. See Dkts. 3, 8.

For the reasons below, Counts One and Two are **DISMISSED** without prejudice for failure to exhaust administrative remedies. Count Three is **DENIED**.

## II. FACTUAL ALLEGATOINS

Petitioner is a native and citizen of Venezuela. See Dkt. 1-2 (Form I-213) at 1, 3. He entered the United States without inspection near Eagle Pass, Texas, on June 21, 2023. See id. at 3-4. Immigration officials released him on an order of recognizance and placed him in removal proceedings. See id. at 4. Petitioner later applied for Temporary Protected Status ("TPS"), and his removal proceedings were dismissed while that application was pending. See id. Petitioner's TPS was terminated in November 2025. See id. at 4-5 ("On November 21, 2025, [U.S. Citizenship and Immigration Services] terminated TPS registration for nationals of Venezuela."); see also Dkt. 1-5 (approving Petitioner's TPS application, valid through April 2, 2025).

The parties dispute the circumstances of Petitioner's renewed arrest. Petitioner alleges that U.S. Immigration and Customs Enforcement ("ICE") officers arrested him without a warrant on December 6, 2025, while he arrived for work. See Petition ¶¶ 4-6, 24-30. The Form I-213 instead states that officers conducted a targeted operation on December 5, 2025, verified Petitioner's identity, told him that a warrant existed, and took him into custody without incident. See Dkt. 1-2 at 3. The form's disposition field also references a "Warrant of Arrest/Notice to Appear," although the warrant itself is not in the record. See id. at 1. The Form I-213 states that record checks supplied probable cause and that Petitioner was charged as present without admission or parole under 8 U.S.C. § 1182(a)(6)(A)(i). See id. at 2, 4-5.

Petitioner alleges that his arrest and continued detention were based entirely on an undisclosed accusation that he belongs to Tren de Aragua. See Petition ¶¶ 5-6, 24-30, 60-65, 72-75. Respondents do not rely on that

accusation in the Answer. The Form I-213 records Petitioner's denial of any gang affiliation, but it does not identify alleged gang membership as the basis for the current detention. See Dkt. 1-2 at 4.

On March 3, 2026, an immigration judge ("IJ") held a custody-redetermination hearing under 8 C.F.R. § 1236 and denied release based on "Danger/Flight." See Dkt. 1-6 (Bond Order).[1] The one-page order states that the IJ acted "[a]fter full consideration of the evidence presented," but the record does not include a hearing transcript or the evidence submitted. See id. The record contains no evidence that Petitioner appealed that ruling to the Board of Immigration Appeals ("BIA"). See https://acis.eoir.justice.gov/en/ (search A-Number: "246-965-295," Nationality: "Venezuela") (last accessed July 27, 2026).

On May 13, 2026, another IJ found Petitioner inadmissible, denied Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to Venezuela. See Dkt. 1-3 at 1-3, 10. Petitioner reserved appeal, and the BIA received his appeal on May 22, 2026. See Dkt. 1-3 at 10; Dkt. 1-4 (Filing Receipt) at 1. On June 18, 2026, Petitioner requested another custody redetermination but withdrew the request without prejudice and waived appeal. See Dkt. 7-1 (Withdrawal Order) at 1-2.

## III. LEGAL STANDARD

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United

---

[1] In February 2026, in a prior action in this Court, Petitioner sought habeas relief directed at the denial of a bond hearing; the assigned District Judge entered a temporary restraining order requiring an individualized bond hearing. See Lameda Rodriguez v. Noem, No. 5:26-cv-00873-ODW-DFM, Dkt. 6.

States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the constitutionality of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

Respondents contend that 8 U.S.C. § 1252(a)(5) makes a petition for review in the court of appeals "the sole and exclusive means for judicial review" of Petitioner's claims, and that §§ 1252(a)(5) and (b)(9) together channel "any issue . . . arising from any removal-related activity" into that process. Answer at 3-4 (quoting J.E.F.M. v. Lynch, 837 F.3d 1026, 1031 (9th Cir. 2016) (emphasis omitted)). Sections 1252(a)(5) and (b)(9) channel claims that arise from removal proceedings, but they do not bar claims that are independent of the removal order, the decision to seek removal, or the process used to determine removability. See Jennings v. Rodriguez, 583 U.S. 281, 293-94 (2018); J.E.F.M., 837 F.3d at 1031-35. Section 1252(g) is likewise limited to the three actions its text identifies: commencing proceedings, adjudicating cases, and executing removal orders. See Ibarra-Perez v. United States, 154 F.4th 989, 995 (9th Cir. 2025) (citing Reno v. Am-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)). Because the Petition challenges the legality of Petitioner's arrest and detention rather than his removal order, the Court has subject-matter jurisdiction.

## IV. DISCUSSION

The record reflects that Petitioner was released on recognizance under the INA § 236 custody framework and later received custody proceedings under 8 C.F.R. § 1236. See Dkt. 1-2 at 4; Dkt. 1-6; Dkt. 7-1. Conditional parole of this kind is release under § 1226(a), and § 1226(b) authorizes revocation, rearrest, and detention. See Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1115 (9th Cir. 2007); 8 U.S.C. § 1226(a)-(b). Neither side identifies a different custody provision as controlling here. The Court therefore applies § 1226(a) for purposes of resolving the Petition.

### A. Counts One and Two: Failure to Exhaust Administrative Remedies

A noncitizen must ordinarily exhaust available administrative remedies before challenging immigration detention under § 2241. "Once an alien has received a . . . bond hearing before an [IJ], he may appeal the IJ's decision to the [BIA]. If the alien is dissatisfied with the BIA's decision, he may then file a habeas petition in the district court." Leonardo v. Crawford, 646 F.3d 1157, 1159 (9th Cir. 2011). When a petitioner does not exhaust administrative remedies, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Id. at 1160. The petitioner must "demonstrate[] grounds for excusing the exhaustion requirement." Id. at 1161.

The administrative remedy exists by regulation: "the alien or the Service may appeal the decision of an immigration judge" on bond to the BIA. 8 C.F.R. § 1236.1(d)(3)(i); 8 C.F.R. § 1003.19(a). Exhaustion here is prudential, not statutory, and the Court therefore has discretion to excuse it. See Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007). But "[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." Id. (citation omitted). Courts consider whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Id. (citation omitted).

Petitioner received an individualized bond hearing on March 3, 2026, and the IJ denied release, finding danger or flight risk. See Bond Order. Petitioner did not appeal that decision to the BIA. He instead requested a custody redetermination on June 18, 2026, withdrew that request, see Withdrawal Order, and filed this action three weeks later. That is the sequence

the Ninth Circuit held "improper" in Leonardo: the petitioner there likewise "pursued habeas review of the IJ's adverse bond determination before appealing to the BIA;" this "short cut was improper." 646 F.3d at 1160.

Petitioner argues that his claims are constitutional and therefore not subject to administrative exhaustion because "the BIA cannot resolve them in a bond appeal." Traverse ¶¶ 5-11. But the constitutional label does not itself excuse exhaustion: a petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal." Leonardo, 646 F.3d at 1160 (quoting Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003)). "The key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken." Liu v. Waters, 55 F.3d 421, 426 (9th Cir. 1995).

Counts One and Two lie within the BIA's purview. Both attack the evidentiary basis of Petitioner's custody: Count One contends that continued detention cannot constitutionally rest on an undisclosed and uncorroborated gang-affiliation allegation, see Petition ¶¶ 60-65, and Count Two contends that detention resting on that allegation is arbitrary and untethered to danger or flight risk, see id. ¶¶ 69-74. The sufficiency of the evidence supporting a custody determination is what a BIA bond appeal reviews. Petitioner's own framing confirms this: he argues that the government "HAS PRODUCED NOT [sic] EVIDENCE" supporting the allegation. Traverse ¶ 31. If that is so, the BIA, reviewing the custody record, can conclude that the IJ's danger or flight-risk finding lacks support and order release or bond. Petitioner's assertion that the BIA "cannot manufacture evidence Respondents have never produced," Traverse ¶ 16, is not persuasive. The absence of record evidence is a ground for reversal before the BIA, not a reason to bypass it.

The BIA routinely reviews custody determinations and is better positioned than this Court to develop and evaluate the custody record in the first instance. And relaxation of the requirement here would encourage deliberate bypass: Petitioner had an adverse bond ruling, an appeal of right, see 8 C.F.R. § 1236.1(d)(3)(i), and a further opportunity for redetermination that he withdrew. A generalized or conclusory assertion of futility does not excuse exhaustion; the petitioner must identify, for example, a policy or BIA ruling that would render appeal in his case futile, which he cannot manufacture from his own default. Petitioner's argument boils down to a prediction that the BIA will not credit his claims, but that does not show futility.

Furthermore, to the extent Count Two asks the Court to reweigh the March 3, 2026 danger and flight-risk finding directly, that request is independently barred. Although 8 U.S.C. § 1226(e) limits review of the Attorney General's discretionary custody judgments, it "does not limit habeas jurisdiction over constitutional claims or questions of law." Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011); see also Jennings, 583 U.S. at 294-95. Section 1226(e) "precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." Jennings, 583 U.S. at 295 (simplified). A request that this Court substitute its own weighing of danger and flight risk for the IJ's is a challenge to a discretionary judgment. Cf. Martinez v. Clark, 124 F.4th 775, 784-85 (9th Cir. 2022) (holding that district courts review "dangerousness" determinations under an abuse of discretion standard).

Counts One and Two are dismissed without prejudice for failure to exhaust administrative remedies.

**B. Count Three: Fourth Amendment**

Count Three alleges that Petitioner's December 6, 2025 arrest was made without a warrant and without satisfying the statutory exception for

warrantless arrests, and that his "arrest and continued detention" therefore violate the Fourth Amendment. See Petition ¶¶ 76-87.

Notably, the record is unclear as to whether there was a warrantless arrest. Petitioner's allegation that officers did not show him a warrant is evidence that no warrant was produced, but it does not establish that no warrant existed. The Form I-213 states that an officer advised Petitioner "there was a warrant for his arrest," and it references a warrant. See Dkt. 1-2 at 1, 3. The actual warrant and warrant-issuance record are absent.

Even assuming the initial arrest was procedurally defective, the traditional remedy in civil immigration proceedings is suppression of evidence, not release from custody, where the violation was "egregious." See INS v. Lopez-Mendoza, 468 U.S. 1032, 1039-41 (1984) ("[T]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest."); see also Martinez-Medina v. Holder, 673 F.3d 1029, 1033-34 (9th Cir. 2011) ("Generally, the exclusionary rule does not apply in civil deportation proceedings to evidence obtained in violation of the Fourth Amendment. An exception to this rule exists where the Fourth Amendment violation is egregious." (citations omitted)); Rodrigues De Oliveira v. Joyce, No. 25-291, 2025 WL 1826118, at *5 (D. Me. July 2, 2025) ("Petitioner's argument that an illegal arrest automatically results in an illegal detention is misguided . . . [E]ven if Petitioner's initial arrest was unlawful, her detention pending removal may stand."); Marroquin Salazar v. Noem, No. 25-2367, 2025 WL 3535050, at *1 (C.D. Cal. Dec. 8, 2025). Accordingly, the Court will not grant the Petition on Fourth Amendment grounds.

## V. ORDER

1. Counts One and Two of the Petition (Dkt. 1) are **DISMISSED** without prejudice for failure to exhaust administrative remedies;

2. Count Three of the Petition is **DENIED**;

3. Petitioner's request for fees under the Equal Access to Justice Act is **DENIED** without prejudice.

Date: July 30, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge